CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
April 08, 2025
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
      DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| Mark David Weiss, | ) |
|           Plaintiff, | ) |
| v. | ) Civil Action No. 7:24-cv-00908 |
| Kimberly Haug *et al.*, | ) |
|           Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Mark David Weiss, an incarcerated individual proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983, claiming that Defendants were deliberately indifferent to his serious medical needs by failing to remove bullet fragments from his arm[1] and to order infectious disease testing. This Memorandum Opinion and Order addresses the motions for preliminary injunctive relief filed by Weiss. (Dkts. 8, 23.)

**I.    Standard of Review**

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. NRDC, Inc.*, 555 U.S. 7, 20 (2008). The irreparable harm that a plaintiff must show he will suffer may not be remote, speculative, or a mere possibility, but instead "*likely* in the absence of an injunction." *Id.* at 22.

---

[1] Weiss was shot in 2022 prior to his incarceration at New River Valley Regional Jail. (Dkt. 36 at 1.)

## II.     Analysis

The first motion for preliminary injunctive relief was filed by Weiss and received by the court on January 28, 2025. (Dkt. 8.) Weiss dated the motion on January 20, 2025, before mailing it to the court on January 24, 2025. (*Id.* at 3–4.) Weiss asks the court to order removal of the bullet fragments and to order that he be tested for infectious diseases. (*Id.* at 2.)

According to the medical records submitted in connection with certain Defendants' opposition to the request for preliminary injunctive relief, (Dkt. 35), Weiss has received the relief he seeks in the January 2025 motion. The medical records and submitted affidavits indicate that on January 24, 2025, New River Valley Regional Jail requested that the Virginia Department of Health test Weiss for hepatitis B and C and for HIV. (Dkts. 35 ¶ 2, 35-2.) The testing was performed on January 29, 2025, and Weiss was informed that he had tested negative for these diseases on February 7, 2025. (*Id.* at ¶¶ 3–4.) The medical records also indicate the Jail removed a bullet fragment from Weiss's arm on January 24, 2025. (Dkt. 35-3 at 36.) Weiss refused to be numbed for the procedure. (*Id.*) Another fragment was potentially present deeper in the arm, but the provider was not comfortable cutting deeper without Weiss's consent to be numbed and due to the presence of nerves. (*Id.*)

Because Weiss has received the testing and partial removal of the bullet fragments, the first motion for preliminary injunctive relief is moot. *See Jamison v. Clarke*, No. 7:18-cv-00504, 2020 WL 618838, at *8 (W.D. Va. Feb. 10, 2020) (finding request for preliminary injunctive relief to provide a gluten-free diet and medical consultation moot when that relief had been provided). As to the remaining bullet fragment in Weiss's arm, the court finds that Weiss has not established, at this time, a likelihood of success on the merits as to deliberate indifference

to his medical needs warranting preliminary injunctive relief, when he was afforded a removal procedure, but the failure to remove the remaining fragment was caused and is being caused, by his unwillingness to be numbed for the continuation of the procedure or a second procedure. (Dkt. 35-3 at 35 (medical record reporting that Weiss stated "if you have to numb it, it will stay in there")).

Weiss mailed the court a second motion for preliminary injunctive relief on March 6, 2025. (Dkt. 23 at 4.) In this motion, Weiss seeks a "culture" and further unspecified "proper blood work" in connection with a claimed infection that Weiss links to the bullet and/or bullet removal procedure. (*Id.* at 1.) Again, according to medical records, Weiss has been treated for infection with two different antibiotics, one applied topically at the time of the removal procedure, (Dkt. 35-3 at 36), and a second different oral antibiotic from January 27, 2025, through February 7, 2025. (*Id.* at 35.) On February 27, 2025, Weiss reported to medical staff that his arm was still infected. (*Id.*) He was examined and minimal swelling was noted. (*Id.*) He was offered antibiotics, which he refused "because he [wa]s weak as a kitten." (*Id.*) On March 11, 2025, Weiss requested to be seen regarding a claimed infection in his arm but he again reiterated that he wanted "no more antibiotics!!" (*Id.* at 31.) After he arrived at the medical department, he explained that he did not need treatment and "stated he just wanted to come down here to get [medical staff] to send his xrays to his attorney." (*Id.* at 34.)

Accordingly, it appears that the relief sought in Weiss's second motion for preliminary injunctive relief is also moot because no ongoing infection is present at this time. If there is any ongoing infection, nothing indicates deliberate indifference to it on the part of medical staff given Weiss's refusal to take antibiotics, which were offered to him.

The court therefore denies this motion without prejudice to Weiss's right to file a subsequent motion if he contends his medical issues have not been resolved and that he requires immediate treatment. Of course, the court will consider the merits of Weiss's lawsuit itself after the record in the case has been fully developed.

For the reasons set forth above, the court **DENIES** Weiss's motion for preliminary injunctive relief at Dkt. 8 and **DENIES** without prejudice the second motion for injunctive relief at Dkt. 23.

The Clerk is **DIRECTED** to send a copy of this Memorandum Opinion and Order to Weiss.

**IT IS SO ORDERED**.

**ENTERED** this 8th day of April 2025.

_____
HON. JASMINE H. YOON
UNITED STATES DISTRICT JUDGE