CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
February 05, 2026
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| Mark David Weiss, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 7:24-cv-00908 |
| Kimberly Haug *et al.*, | ) |
| Defendants. | ) |

## ORDER

Plaintiff Mark David Weiss, an incarcerated individual proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983, claiming that Defendants were deliberately indifferent to his serious medical needs by failing to remove bullet fragments from his arm and failing to order infectious disease testing. This matter is before the court on three pending motions to dismiss the second amended complaint, which were filed by Defendant Dr. Shridhar Bhat, (Dkt. 56), Defendants Kayleigh Corbin, Mary Cox, and Kimberly Haug, (Dkt. 60), and Defendant Crystal Davis, (Dkts. 67, 70). For the reasons that follow, the court will grant Defendants Corbin, Cox and Haug's motion to dismiss but deny the motions to dismiss filed by Defendants Bhat and Davis.

### I.    Standard of Review

Weiss brings this action *pro se,* so the court liberally construes his pleadings. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). However, the court may neither construct a plaintiff's legal arguments for them, *Spanos v. Vick*, 576 F. Supp. 3d 361, 366 (E.D. Va. 2021), nor "conjure

up questions never squarely presented," *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). When considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court should "accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Lab'ys, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). However, dismissal is appropriate when the complaint fails to state a claim upon which relief could be granted. Fed. R. Civ. P. 12(b)(6).

## II. Analysis

Weiss filed an original complaint in this action, (Dkt. 1), and then supplanted the original complaint with an amended complaint, (Dkt. 22). The amended complaint eliminated detail that was present in the original complaint and its attachments, leading Defendants to move to dismiss the amended complaint based on the insufficiency of its factual allegations. (Dkts. 26, 28.) Because of Weiss's *pro se* status and the content of his other submissions, the court deferred ruling on the motions to dismiss the first amended complaint and permitted Weiss the opportunity to file a second amended complaint. (Dkt. 48.) The court advised Weiss of the following:

> Weiss must include sufficient factual detail in any second amended complaint that would permit the court to conclude that he has stated a plausible claim of entitlement to relief under the theory that *each* named Defendant was individually deliberately indifferent to a substantial risk of serious harm and that each Defendant knew or should have known of the danger to him. To do so, Weiss must identify the specific actions or inactions of *each* Defendant that he claims demonstrate deliberate indifference to his serious medical needs. Weiss should also state whether he is incarcerated as a convicted inmate or as a pretrial detainee so that the court can apply the correct standard. Weiss should be as specific as possible, including facts about who took or failed to take each specific action, what was done or not done, and when and how he interacted with each Defendant.

(Dkt. 48 at 3.) The court further "cautioned that a submitted second amended complaint will replace, not supplement, all prior versions of the complaint" and that the "second amended complaint will become the document that defines the scope of Weiss's claims and names all intended Defendants." (*Id.* at 4.)

Weiss submitted a verified second amended complaint on May 6, 2025. (Dkt. 49.) This iteration of the complaint does clarify certain matters. In it, Weiss states that he wishes to dismiss Mary Cox as a Defendant because she was mistakenly named. (*Id.* at 2.) Accordingly, the court will dismiss Mary Cox as a Defendant in this action. Weiss then added Crystal Davis as a Defendant in the second amended complaint to replace Cox. Davis has appeared, by counsel, and filed a motion to dismiss. Weiss also clarified in the second amended complaint that he was both a pretrial detainee and a convicted inmate for the portions of the time relevant to the action, (Dkt. 49-1 at 1–13), which is important for understanding which constitutional amendment governs and for applying the correct standards when the merits of the claim are considered.

Although the court appreciates Weiss's attempt to provide the information needed, Weiss's second amended complaint barely describes the particular actions or inactions of each Defendant. Instead, the second amended complaint largely relies on references to its voluminous attachments (over 400 pages; Dkts. 49 and 50). Additionally, Weiss's allegations in the second amended complaint often did not match what the attachments reflected.[1]

---

[1] Because the court is considering on the motions to dismiss only the sufficiency of the allegations in the second amended complaint and is not assessing evidence as it would do on a summary judgment motion, it does not resolve any such discrepancies between the complaint and attachments in this opinion.

Although the court is not obliged to search through attachments to formulate a case for Weiss, based on its careful review, the court concludes that the second amended complaint does contain barely enough verified factual allegations to conclude that Weise sufficiently stated plausible claims against some of the Defendants.

Weiss clearly entered the custody of the Jail in late 2023 with a bullet wound in his arm. (Dkt. 49 at 4). Certain non-defendants knew of the wound at that time, (*id.* at 4-6), and eventually a bullet fragment was removed from his arm in early 2025, (*id.* at 13). What is not clear, however, is when Weiss told any of the named Defendants that fragments of the bullet remained in his arm or that he was suffering from any physical issues as a result of the fragments. Additionally, it is not clear that the fragments remaining in his arm constituted a serious medical need or that any delay in the removal of fragments caused any additional damage.[2]

As to Defendant Dr. Bhat, Weiss contends that the medical records do not indicate certain requests he made or information that he conveyed to Bhat. (*Id.* at 9.) Weiss alleges that he asked Bhat about treatment for his arm, (*id.* at 9, 12), but Bhat continued to do "nothing for his arm" over many encounters. (*Id.* at 11–12.) Weiss also alleges that he asked to see Bhat "again" for his arm where he was shot because his "pinky was still acting crazy," which Weiss attributes to the bullet fragments. (*Id.* at 7.)

As to Defendant Nurse Davis, Weiss contends that he advised her about the bullet and his pinky finger on February 12, 2023, and that she examined his arm on that date and said "she only Felt Fatty Like Knot." (*Id.* at 10.) Weiss also contends that he asked her for his arm

---

[2] One fragment was removed in January 2025 and at least one remains in his arm. (Dkt. 49 at 13.)

-4-

to be assessed for the bullet on March 15, 2023, and she said "it was healing fine." (*Id.*) He alleges that he asked Davis for an x-ray of his arm during a visit on April 19, 2023, but that she denied that request and denied it again on May 2, 2023. (*Id.*) He further alleges that he filled out request forms for the "Nurse," stating that he had seen Bhat "where [he] had been shot" but "[his] pinky was still acting crazy" and that he needed to see Bhat "about PTSD and Being Shot." (*Id.* at 7.) As is the case with his allegations against Bhat, Weiss faults Davis for not providing care for his arm during each encounter.

These allegations provide a slim reed for establishing deliberate indifference to a serious medical need. But at this motion to dismiss stage, as it is required to do, the court accepts the veracity of Weiss's allegations and draws all reasonable inferences in his favor. *Ray v. Roane* 948 F.3d 222, 226 (4th Cir. 2020). And with such solicitude provided to Weiss, the court believes that Weiss barely, but sufficiently alleged facts supporting his claims against Defendants Bhat and Davis. Accordingly, the court will deny the motions to dismiss filed by Bhat and Davis.

As to Defendant Haug, the acting superintendent of the Jail, Weiss has alleged only that she maintained that position, (*id.* at 3), and that she responded to his grievances unsatisfactorily, (*id.* at 17–18). Neither of these contentions is sufficient to support a viable § 1983 claim. Liability is not appropriate simply because a defendant is in charge or has oversight authority. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*."); *see also Pena v. Garder*, 976 F.2d 469, 471 (9th Cir. 1992) ("Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a

-5-

motion to dismiss."). Additionally, to state a claim under § 1983, a plaintiff must plead that each defendant, through his or her own individual actions, violated the Constitution. *Iqbal*, 556 U.S. at 676. A defendant's after-the-fact grievance responses to prior claimed violations do not support a viable claim. *See Washington v. McAuliffe*, No. 7:16-cv-00476, 2018 WL 401903, at *9 (W.D. Va. Jan. 12, 2018); *Johnson v. Clarke*, No. 7:20-cv-00717, 2021 WL 1536585, at *2 (W.D. Va. Apr. 19, 2021) (noting "it is well-established that a response to a grievance (or failure to respond to a grievance), without more, does not give rise to a constitutional claim"). "Ruling against a prisoner on an administrative complaint does not cause or contribute to [a constitutional] violation." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007).

As to Defendant Corbin, the second amended complaint's factual allegations are limited and insufficient to establish any plausible claim of entitlement to relief. Weiss seeks to hold her responsible as a supervisor, (Dkt. 49 at 2), but he has not alleged any facts that would support a viable supervisory liability claim. Weiss alleges only that Corbin answered requests for mental health treatment (which does not indicate any role in denying him medical care for the bullet wound), (*id.* at 7), and that she denied requests for infectious disease testing on April 9, 2023, (*id.* at 11). As stated in the court's prior opinion, the infectious disease testing, which was eventually performed, did not reveal any infectious diseases. (Dkt. 39 at 2.) So, even were the court to assume that Corbin's denial of infectious disease testing resulted in a delay in Weiss ultimately getting the testing, it would not have caused him any actual harm. As such, the delay alleged here is not actionable. *Formica v. Aylor*, 739 F. App'x 745, 755 (4th Cir. 2018) (holding that "where a deliberate indifference claim is predicated on a delay in medical care,

we have ruled that there is no Eighth Amendment violation unless 'the delay *results* in some substantial harm to the patient'").

Weiss also faults Corbin for certain actions taken in connection with her defense in this action. Even were the court to assume these subsequent incidents were properly joined with the main claim in this action, the allegations do not support a plausible claim of entitlement to relief. Weiss blames Corbin for releasing the negative results of the infectious disease testing in her declaration in violation of the Health Insurance Portability and Accountability Act (HIPAA). (Dkt. 49 at 14–15.) This claim is not viable because HIPAA does not create a private cause of action, *Payne v. Taslimi*, 998 F.3d 648, 660 (4th Cir. 2021), and Corbin's disclosure was wholly appropriate in a case in which Weiss has placed this very information at issue himself, *see De Foe v. Duhl*, 286 F.2d 205, 208 (4th Cir. 1961). Weiss also complains that Corbin allegedly filed a misleading declaration in which she implies that she ordered infectious disease testing rather than non-defendant Nurse Jackson, (Dkt. 49 at 6, 15), and stated that she provided accurate copies of medical records in connection with the declaration, when the records were in fact incomplete. (*Id.* at 15.) But as is the case with HIPAA, "there is no private cause of action for perjury." *Bui v. Caballero*, No. 1:23-cv-819, 2024 WL 1076248, at *3 (E.D. Va. Mar. 12, 2024). And, there appears to be no falsity. Corbin did order the infectious disease testing after Jackson requested it, (Dkts. 35-2, 49-3 at 72), and she never stated she was submitting every piece of paper constituting his medical records, (Dkt. 35-1 at 1).

### III. Conclusion

For the reasons set forth above, the court **GRANTS** with prejudice the motion to dismiss filed by Defendants Haug and Corbin, (Dkt. 60), and **DENIES** the motions to dismiss filed by Defendants Bhat, (Dkt. 56), and Davis, (Dkts. 67, 70). The court **DISMISSES** Mary Cox as a Defendant upon Weiss's request.

The Clerk is **DIRECTED** to send a copy of this Order to Weiss.

**IT IS SO ORDERED.**

**ENTERED** this 5th day of February, 2026.

*/s/ Jasmine H. Yoon*
HON. JASMINE H. YOON
UNITED STATES DISTRICT JUDGE